# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CHRISTY SINGLETON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO.: |
| v. | ) |
| | ) |
| FILTERS NOW LLC, | ) |
| | ) **JURY DEMAND** |
| Defendant. | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, Christy Singleton ("Ms. Singleton" or "Plaintiff"), by and through her undersigned counsel, and files this Complaint against the Defendant, Filters Now LLC ("Filters Now" or "Defendant"). As grounds for this Complaint, Plaintiff states the following:

## JURISDICTION & VENUE

1. This is a suit authorized and brought to secure the protection of and to redress the deprivation of rights secured by Title VII of the Act of Congress known as the "Civil Rights Act of 1964," codified at 42 U.S.C. § 2000e *et seq.*, as amended by the "Civil Rights Act of 1991," ("Title VII").

2. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

3. The unlawful employment practices alleged in this Complaint were committed in Mobile County, in the Southern District of Alabama; therefore, venue lies within the Southern District of Alabama, pursuant to 28 U.S.C. § 1391.

## ADMINISTRATIVE EXHAUSTION

4. Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on or about April 5, 2019. (See Exhibit "A"). Charge No. 420-2019-01813 (the "Charge") alleged that Defendant subjected Plaintiff to a sexually hostile work environment, disparate terms and conditions of her employment, based on her gender, and retaliated against her for opposing the misconduct, all in violation of Title VII.

5. The EEOC issued a Dismissal and Notice of Rights (the "RTS Notice") for the Charge on January 24, 2020.

6. Plaintiff received the RTS Notice for the Charge on January 27, 2020. (See Exhibit "B").

7. The Parties agreed to toll the statute of limitations until Friday, May 29, 2020.

8. This Complaint is filed within the agreed upon time period.

9. Plaintiff has thus exhausted all administrative remedies available prior to filing this Complaint.

## PARTIES

10. Plaintiff is a citizen of the United States of America, who currently resides in Mobile County, Alabama.

11. Plaintiff is over the age of nineteen (19) years.

12. Defendant is an employer in the State of Alabama within the meaning of 42 U.S.C. § 2000e(b), in that it engages in an industry affecting commerce and employed fifteen (15) or more employees for the requisite duration under Title VII.

13. Defendant does substantial business at its Plant located in Mobile County, Alabama, with the address 245 Jacintopoint Boulevard, Saraland, Alabama 36571.

14. Defendant was Plaintiff's employer during all times relevant to this Complaint.

## FACTUAL ALLEGATIONS

15. Plaintiff re-alleges and incorporates by reference paragraphs one (1) through fourteen (14) above with the same force and effect as if fully set out in specific detail herein below.

16. Plaintiff is a woman.

17. In or around October 2018, Defendant hired Plaintiff at its Saraland Plant.

18. At the time of Plaintiff's termination, she worked as a Picker.

19. On or about February 19, 2019, Tywaun Gates ("Mr. Gates"), a male co-worker, sexually harassed Plaintiff.

20. While bending over to pick up a filter, Mr. Gates told Plaintiff, "that's it girl, that's it."

21. Mr. Gates then made a statement to Plaintiff indicating that he wanted to have sex with her.

22. Plaintiff immediately went to her supervisor, Sherry Bonds ("Ms. Bonds"), and reported Mr. Gates' sexual harassment.

23. Ms. Bonds informed Plaintiff that she would let the Plant Manager, Mike Lindell ("Mr. Lindell"), know about her sexual harassment complaint.

24. Without investigating Plaintiff's allegations, Ms. Bonds issued Plaintiff a disciplinary action for the way she responded to Mr. Gates' sexual harassment.

25. Ms. Bonds did not discipline Mr. Gates for sexual harassment.

26. The following day, on or about February 20, 2020, Plaintiff informed Ms. Bonds that she did not feel comfortable working with Mr. Gates.

27. Ms. Bonds refused to separate Plaintiff and Mr. Gates, despite Plaintiff's concerns for her wellbeing and safety.

28. Mr. Gates continued to work in Plaintiff's vicinity; he continuously walked over to her area and starred at her, to intimidate her and make her feel uncomfortable.

29. On or about February 21, 2019, Plaintiff followed up with Ms. Bonds about the sexual harassment complaint.

30. Ms. Bonds failed to take any action to address Plaintiff's complaint and continued to force Plaintiff to work near Mr. Gates.

31. The very next day, on or about February 22, 2019, Plaintiff met with Mr. Lindell and Marya Washington ("Ms. Washington"), head of Human Resources, about her sexual harassment claim.

32. At that meeting, Mr. Lindell suspended Plaintiff without pay.

33. Defendant did not suspend Mr. Gates, or otherwise discipline him, for sexual harassment.

34. Ms. Washington then interviewed other employees at the Plant who witnessed Mr. Gates' sexual harassment.

35. Upon information and belief, the witnesses confirmed that Mr. Gates sexually harassed Plaintiff.

36. However, Defendant refused to accept the statements as evidence corroborating Plaintiff's good faith allegation of sexual harassment; instead, Defendant reached the illogical conclusion that Mr. Gates did not sexually harass Plaintiff.

37. The following Monday, on or about February 25, 2019, Ms. Washington informed Plaintiff that she was terminated.

38. Ms. Washington informed Plaintiff that Defendant terminated her employment "because you said you work in a hostile work environment and we can't accommodate your need to not work around Tyrone."

39. Defendant did not terminate Mr. Gates, or otherwise discipline him for sexual harassment, despite Defendant being aware of other employees witnessing Mr. Gates' sexual harassment of Plaintiff.

40. But for Plaintiff opposing sexual harassment, Defendant would not have terminated her employment.

### COUNT I: SEX DISCRIMINATION IN VIOLATION OF TITLE VII

41. Plaintiff re-alleges and incorporates by reference paragraphs one (1) through forty (40) above with the same force and effect as if fully set out in specific detail herein below.

42. Plaintiff is a woman.

43. Plaintiff was, and remains, qualified to perform the duties of Picker at Defendant's Saraland Plant.

44. Plaintiff performed her job responsibilities for Defendant satisfactorily up to the date of her termination.

45. Defendant's employee, Mr. Gates, made inappropriate sexually charged comments to Plaintiff.

46. Mr. Gates did this to humiliate, embarrass, and shame Plaintiff.

47. Plaintiff reported Mr. Gates' conduct to Defendant the same day.

48. The following day, Defendant issued Plaintiff a disciplinary action, and subsequently suspended her.

49. Defendant did not suspend, or otherwise discipline, Mr. Gates.

50. Defendant terminated Plaintiff less than one (1) week later.

51. Defendant did not terminate Mr. Gates for the conduct Plaintiff reported to Defendant.

52. Defendant's decision to terminate Plaintiff was motivated by her sex.

53. Defendant's unlawful discrimination resulted in Plaintiff being deprived of income. Defendant's unlawful discrimination also caused and continues to cause Plaintiff emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and embarrassment.

## COUNT II: RETALIATION IN VIOLATION OF TITLE VII

54. Plaintiff re-alleges and incorporates by reference paragraphs one (1) through fifty-three (53) above with the same force and effect as if fully set out in specific detail herein below.

55. Plaintiff is a woman.

56. Plaintiff was, and remains, qualified to perform the duties of Picker at Defendant's Saraland Plant.

57. Plaintiff engaged in protected activity prior to her termination on February 19, 2019, when she opposed and reported sexual harassment to Ms. Bonds.

58. Plaintiff subjectively believed that Mr. Gates' inappropriate behavior constituted sexual harassment.

59. A reasonable person would have, and in fact did, believe Mr. Gates' statements to Plaintiff constituted sexual harassment.

60. Without investigating Plaintiff's sexual harassment complaint, Defendant suspended Plaintiff in response to her opposing conduct made unlawful by Title VII.

61. Defendant did not suspend, or otherwise discipline, Mr. Gates for sexual harassment.

62. Ignoring the confirmed sexual harassment, Defendant terminated Plaintiff's employment, on or about February 25, 2019.

63. In doing so, Defendant cited Plaintiff's sexual harassment complaint as the reason for her termination when communicating the termination to her.

64. Defendant subjected Plaintiff to retaliation because she opposed conduct made unlawful by Title VII.

65. But for Plaintiff reporting Mr. Gates' unlawful behavior, Defendant would not have terminated her employment.

66. As a result of Defendant's retaliation, Plaintiff has been deprived of income. The conduct described above also causes Plaintiff emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and embarrassment.

WHEREFORE premises considered, Plaintiff demands judgment against Defendant for wage damages, compensatory damages, punitive damages, consequential damages, incidental damages, the costs of this action, interest, attorney's fees, and any other, further, and different relief to which she may be entitled.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY.**

Respectfully submitted,

*s/ Joshua A. Wrady*
Joshua A. Wrady (ASB-9617-J68W)
*Attorney for Plaintiff*

**WRADY MICHEL & KING**
505 20th Street North, Suite 1650
Birmingham, Alabama 35203
Joshua@wmalabamalaw.com
Tel: (205) 980-5704
Fax: (205) 994-2819

**DEFENDANT TO BE SERVED BY PROCESS SERVER AT THE FOLLOWING ADDRESS:**

Filters Now LLC
c/o r/a CORPORATION SERVICE COMPANY INC.
641 South Lawrence Street
Montgomery, Alabama 36104